JUAN ORTIZ CUBANO, Plaintiff and Appellant, *v.* ENRIQUE ARRAIZA IGLESIA, Defendant and Appellee.

No. R-64-78. Decided December 29, 1964.

*José E. Franco Santiago* for appellant. *Dubón & Dubón* for appellee.

Division composed of Mr. Justice Blanco Lugo, as Chief Judge of Division, pro tempore, Mr. Justice Dávila, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

The antecedents of this case are stated in the opinion delivered in *Arraiza* v. *Industrial Commission*, 85 P.R.R. 13 (1962). In that case we decided that an accident sustained by appellant Juan Ortiz Cubano, while performing work of accidental or casual nature for uninsured employer Enrique

580

Arraiza Iglesia, which was not included in the employer's business, industry or occupation—a repair consisting in changing several galvanized-iron plates on the roof of a leased garage—was not compensable because it did not fall under the provisions of the Workmen's Accident Compensation Act, 11 L.P.R.A. § 2. As a result the injured laborer had no right to the action provided by § 15 of said Act, 11 L.P.R.A. § 16, for the case of the employer covered by the provisions of the Act who failed to insure the payment of compensation for labor accidents.[1] It goes without saying that if it had been an insured employer, any legal action would also have been unavailable in view of the exclusiveness of the remedy provided by such Act. Section 20, 11 L.P.R.A. § 21; *De Jesús* v. *Osorio*, 65 P.R.R. 601 (1946); *Onna* v. *The Texas Co.*, 64 P.R.R. 497 (1945); cf. *Cortijo Walker* v. *Water Resources Authority*, ante, p. 557.

Nevertheless, on February 4, 1963, Ortiz Cubano filed an action for damages against Arraiza in the Superior Court, Bayamón Part, in which he stated that while working as carpenter for the defendant he sustained a "labor accident" when he fell from the roof of a garage when one of the boards which supported it gave way; and that such accident occurred because of the "sole and exclusive fault and negligence of defendant employer." Together with the complaint he filed a motion to secure the effectiveness of the judgment without bond, invoking § 16 of the Workmen's Accident Compensation Act, 11 L.P.R.A. § 17, which, because of its importance in deciding this proceeding, we copy below:

"In all cases of disease, injury, or death occurring to workmen or employees not subject to the provisions of this Act, the

---

[1] "Should any employer covered by this act fail to insure the payment of compensation for labor accidents in accordance with this act, any prejudiced workman or employee, or his beneficiaries, may proceed against such employer by filing a petition for compensation with the Industrial Commission, and may also bring suit for damages against the employer, just as if this act were not applicable. . . ."

liability of said employer is and shall be the same as if this Act did not exist, regardless of any action which the prejudiced workman or employee may have in accordance with the provisions of Section 1802 of the Civil Code in force, as renumbered in 1930, and the action shall be heard by the district court of the judicial district in which the accident occurred.

"In such cases, nothing contained in this Act shall be construed in the sense of depriving the injured workman or employee, or his beneficiaries in case of death, of their right to claim and obtain damages from the employer, in accordance with the injuries suffered by said workman or employee.

"In these actions for damages, and as if this Act were not applicable, the prejudiced workman or employee or his beneficiaries shall have the right, without filing a bond, to attach the property of the employer in the amount determined by the court to insure the satisfaction of such judgment as may be rendered, and such attachment shall include attorney's fees to be fixed by the Court."

The defendant asked for summary judgment dismissing the complaint. He alleged that a study of the facts stated in the complaint disclosed that the cause of the action filed was based on § 1802 of the Civil Code, 31 L.P.R.A. § 5141, and that the accident having occurred on February 22, 1960, the action filed on February 4, 1963 was barred because more than a year had elapsed since the claimant had knowledge of the injury, § 1868 of the same legal code, 31 L.P.R.A. § 5298. After the proper proceedings, the trial court sustained said motion. In order to review the judgment of dismissal, we issued a writ of review.

During the course of the trial as well as at the hearing, the plaintiff-appellant has insisted in that the action filed does not fall under the classic provision of the extracontractual fault of the Civil Code. He repudiates that position and admits that the third allegation of the complaint to the effect that the cause of the accident was the fault and negligence of the employer was unnecessary. He maintains this is a *sui generis* action, the legal foundation of which is

allegedly to be found in the text of § 16 of the Workmen's Accident Compensation Act. We shall so consider it. He points out that as we already held in *Arraiza* v. *Industrial Commission, supra,* that the facts show an injury not subject to the provisions of said Act, he is entitled to the cause of action contained in the phrase "the liability of said employer is and shall be the same as if this Act did not exist," which is "regardless of any action which the prejudiced workman or employee may have in accordance with the provisions of Section 1802 of the Civil Code in force." Actually, it all boils down to determining to which "liability" of the employer does that phrase refer.

Nothing could prove more helpful than to make history of the legislation on the matter. The first general Act on labor accidents, Act No. 19 of April 13, 1916 (Sess. Laws, p. 51)—which was on a voluntary basis, because employers could elect whether or not to abide by its provisions, § 3— stated in its § 26 that "Nothing in this Act contained shall be interpreted as depriving the injured workman . . . of the right to elect to waive the provisions of this Act at any time prior to receiving compensation under this Act and to claim and recover damages from his employer, *in accordance with the provisions of the law prior to the enactment of this Act,* when the injuries sustained by the said workman were caused by the *wilful act or criminal negligence of his employer.*" (Italics ours.) We see how it refers to the legislation in force prior to 1916, which is none other than the Employers' Liability Act, Act of March 1, 1902, 11 L.P.R.A. §§ 131–140, which, though in a limited scope provided compensation for labor accidents occurring under certain circumstances: "Where . . . personal injury is caused to an employee who is himself in the exercise of due care and diligence at the time: (1) By reason of any defect in the condition of the ways, works, or machinery, connected with, or used in the business of the employer, which arose from or had not been

discovered or remedied owing to the negligence of the employer or of any person in the service of the employer and entrusted by him with the duty of seeing that the ways, works, or machinery were in proper condition; or (2) By reason of the negligence of any person in the service of the employer entrusted with the exercising of superintendence whose sole or principal duty is that of superintendence; or (3) . . . [refers to railroads]." Where the action for damages was based on the provisions of this Act it was necessary to specifically allege negligence on the part of the employer, *Tomei* v. *Arkadia Sugar Co.*, 24 P.R.R. 363 (1916); *Rosa* v. *N.Y. and P.R. Steamship Co.*, 20 P.R.R. 439 (1914); *Pérez* v. *Guánica Centrale*, 17 P.R.R. 927 (1911); *Márquez* v. *N.Y. & P.R. Steam. Co.*, 17 P.R.R. 521 (1911); *Colomé* v. *Guánica Centrale*, 16 P.R.R. 442 (1910); *Bezares* v. *Caguas Tramway Company*, 16 P.R.R. 350 (1910). The waiver permitted by the Act of 1916 is easily explained when we consider the damages which were authorized to be recovered pursuant to § 2 of the Act of 1902,[2] in contrast with the limited relief the former awarded in its §§ 4 and 5.

---

[2] "That when an employee receives a personal injury under any of the conditions enumerated in section 1 hereof, he may bring an action against his employer before the proper district court, to recover damages for such injury. The damages so recovered shall not exceed the sum of two thousand dollars, and in assessing the amount of such damages the court shall take into consideration the degree of culpability of the employer, or of the person for whose negligence the employer is liable hereunder, the sums expended by the employee for medical attendance, for drugs, medicines and similar necessary expenses, and the loss of wages while recovering from the injury; the court shall also take into consideration the physical pain and suffering caused by the injury. If the injury be of such character as to permanently impair the earning capacity of the employee, the court shall include in the damages awarded an allowance for such loss. In case the injury results in a temporary impairment of his earning capacity, the court, in addition to pain and suffering and the expenditures for medical services and drugs, shall take into consideration the average rate of wages which, under ordinary conditions, he might have earned if not injured."

Act No. 10 of February 25, 1918 (Sess. Laws, p. 54), which substituted the one of 1916 and which made employees' insurance compulsory, kept in its § 21 substantially the same text of former § 26. The only change worth mentioning is that instead of liability for the "wilful" act of the employer it referred to the "illegal" act. However, it is § 22 which throws light on the problem under consideration. It sanctions the right of subrogation in favor of the Industrial Commission when the workman has not waived his right to the benefits of the Act and has received the proper compensation in such cases where the injury was caused to the workman "under circumstances creating a liability against some other person *or against the employer where the injury was caused by his illegal act or gross negligence or by defects in the machinery or implements.*" Sections 44 and 45 of Act No. 85 of May 14, 1928 (Sess. Laws, p. 630) are identical in text to §§ 21 and 22 of the Act of 1918, with the exception of a final provision in the first one which states that "only in case of waiver and others comprised herein shall the workman comprised in this Act . . . have the right to institute an action for damages against the employer." In § 53 it appears for the first time in the text to the effect that "In all cases of injury or death of employees not subject to the provisions of this Act, the liability of the employer is and shall be the same as if this Act did not exist."

It may be inferred that when the Act in effect was approved in 1935 and with the exception of any cause of action corresponding to the workman under § 1802 against the employer for his act or omission through his own fault or negligence, there is no other legal provision to hold the employer responsible than the Act of March 1, 1902, inasmuch as it is the only one which, the labor-management relationship being present, establishes certain assumptions of causality between the injuries sustained and the accident. The present § 16 does not create a cause of action which did

not exist until then. It merely reiterates the reference to the Act of March 1, 1902 as has been done since 1916. We thus insinuated in *Widow of Maldonado* v. *Méndez*, 88 P.R.R. 255 (1963), when comparing the actions provided by §§ 15 and 16, we stated: "Section 16 is likewise based on the labor-management relationship, except that the workman is not among those comprised in the Workmen's Accident Compensation Act. Hence, the need for holding the employer liable as if the Act did not exist, irrespective of the Aquilian fault accruing under § 1802 of the Civil Code to any person who sustains damages."[3] Just a few days ago, in *Cortijo Walker* v. *Water Resources Authority, supra*, when referring to §§ 44 and 45 of the 1928 Act, we pointed out that "Those provisions of the former statute were superseded since 1935 when the present Act was adopted, which shows a specific and definitive criterion of the lawmaker not to grant general action of damages of any kind against the employer, regardless of his actions in the Aquilian sphere and the degree of fault or negligence, with the exception of those situations provided in § 15—uninsured employer—in which, notwithstanding the benefits of the Act granted to the workman or his family, they may sue the employer in tort as an additional sanction for failure to take out insurance."

Furthermore, when the Workmen's Accident Compensation Act meant to sanction special actions accruing from the existence of the labor-management relationship, it did so in an unequivocal manner. See §§ 15 and 31, 11 L.P.R.A. §§ 16 and 32.

 In conclusion, in the case of an uninsured employer, like Arraiza, in which the accident is not covered by the Workmen's Accident Compensation Act because it is casual or accidental or unrelated to its industry or business, and

---

[3] In a footnote we called attention to the Act of March 1, 1902.

irrespective of any extracontractual obligation under § 1802, the only other action available for the workman to obtain compensation referred to in § 16 upon stating that the liability of the employer "is and shall be the same as if this Act did not exist," must be considered within the ambit of the provisions of the Act of March 1, 1902. Considering the petition filed in the light of said provisions, it is obvious that it fails to adduce a cause of action,[4] and that, furthermore, it was not filed within the six-month term prescribed by § 6 of the same Act, 11 L.P.R.A. § 136.

Although for different reasons, the judgment entered by the Superior Court, Bayamón Part, on March 10, 1964, shall be affirmed.

---

[4] If it were the action provided by § 1802, cf. Arroyo v. Plaza Provision Co., 68 P.R.R. 889 (1948), it would not only have prescribed but no cause of action would accrue within the set of facts which we considered in Arraiza v. Industrial Commission, supra. It is because of this that the appellant has stubbornly tried to rely on his particular interpretation of § 16 and to read into its text a new action which would not require as element the fault or negligence of the employer.